UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. COVELLO, et al.,<br><br>　　　　　Defendants. | No.  2:24-cv-1309 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a California prisoner proceeding pro se with a civil action.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1. Request to Proceed In Forma Pauperis

    Plaintiff has requested leave to proceed in forma pauperis.  Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

/////

/////

/////

A review of court records from this court reveals that, while incarcerated and before this action was filed, plaintiff had at least three cases dismissed for failure to state a claim upon which relief can be granted:

1. Calderon v. Bonta, 2:23-cv-0212 KJM EFB P, dismissed March 26, 2024.

2. Calderon v. Bonta, 2:23-cv-1065 DJC DMC P, dismissed February 15, 2024.

3. Calderon v. Covello, 2:23-cv-1974 DJC DB P, dismissed April 1, 2024.

Judgment is final in all three cases.

As for the "under imminent danger of serious physical injury" exception to the "three strikes" rule, the "threat or prison condition [must be] real and proximate," Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be specific and credible. Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001). Claims concerning an "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. See Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff makes many allegations in his complaint which do not concern physical injury i.e., his mail. Plaintiff makes other allegations concerning conditions of confinement which are not plausible, e.g. the government has embedded a chip in plaintiff's forehead to cause "irreparable or deadly harm." ECF No. 1 at 4. Plaintiff's allegations concerning denial of medical care and physical attacks are simply too vague to amount to "imminent danger of serious physical injury." Plaintiff identifies many medical issues, but, with respect to the ones that do make sense and are at least plausible, plaintiff fails to indicate what exactly his current condition is, how he is being treated for these issues now, and what further available treatment he is being denied. With respect to physical attacks, plaintiff fails to point to how his current conditions subject him to danger of being attacked, and what conditions he thinks should be changed.

Therefore, plaintiff's request for leave to proceed in forma pauperis should be denied.

/////

/////

2. <u>Request for Appointment of Counsel</u>

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id</u>. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court assign a district court judge to this case.

2. Plaintiff's motion for the appointment of counsel is denied.

IT IS HEREBY RECOMMENDED that;

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) be denied.

2. Plaintiff be granted fourteen days from the denial of his request for leave to proceed in forma pauperis within which to pay the $405 filing fee for this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 4, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cald1309.3ks